CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 30 2017

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMAR ANTWAUM GLADDEN,<br>    Plaintiff, | ) ) ) | Civil Action No. 7:17-cv-00001 |
| v. | ) ) ) | MEMORANDUM OPINION |
| ALBEMARLE CHARLOTTESVILLE<br>REGIONAL JAIL, et al.,<br>    Defendants. | ) ) ) ) | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

    Jamar Antwaum Gladden, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 naming the Albemarle Charlottesville Regional Jail ("Jail") and "Medical Department" as the defendants. This matter is before me for screening pursuant to 28 U.S.C. § 1915A.

    I must dismiss the complaint because the defendants are not amenable to suit via § 1983, and thus, it fails to state a claim upon which relief may be granted. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); West v. Atkins, 487 U.S. 42, 48 (1988) (recognizing a § 1983 claim must allege the violation of a federal right by a person acting under color of state law); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983."), aff'd in part and rev'd in part, 203 F.3d 821 (4th Cir. 2000), reported in full-text format at 2000 U.S. App. LEXIS 465, at *3, 2000 WL 20591, at *1 ("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983[.]"); Ferguson v. Morgan, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that the Otisville Correctional Facility Medical Staff is not a person for purposes of § 1983).

To the extent Plaintiff may be able to name a "person" subject to suit via § 1983, Plaintiff is granted seven days to file an amended complaint that states a claim upon which relief may be granted. See, e.g., Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978). If the court does not receive anything from Plaintiff within fourteen days, the Clerk shall strike the case from the active docket. However, Plaintiff will still be able to refile his claims in a new and separate action at the time of his choice subject to the applicable limitations period. See, e.g., Owens v. Okure, 488 U.S. 235, 249-50 (1989).

ENTER: This 30th day of March, 2017.

*Jackson L. Kiser*
Senior United States District Judge

2

Case 7:17-cv-00001-JLK-RSB   Document 7   Filed 03/30/17   Page 2 of 2   Pageid#: 22